Reversed and Rendered and Memorandum Opinion filed April 21, 2009








Reversed and
Rendered and Memorandum
Opinion filed April 21, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00880-CV

____________

 

SYMETRA NATIONAL LIFE INSURANCE
COMPANY AND SYMETRA LIFE INSURANCE COMPANY, Appellants

 

V.

 

RAPID SETTLEMENTS, LTD., Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 871097

 



 

M E M O R A N D U M   O P I N I O N








Appellants, Symetra National Life Insurance Co. and Symetra
Life Insurance Co. (collectively ASymetra@), obligors on
structured settlement payments, appeal from the trial court=s confirmation of
an arbitration award directing Symetra to make future payments to appellee,
Rapid Settlements, Ltd., instead of to the original payee.  In its first six
issues, Symetra argues that the trial court erred as a matter of law in
confirming the arbitration award because: (1) although the Texas Structured
Settlement Protection Act (SSPA) requires court approval of all structured
payment transfers, Rapid has not received approval of the transfer at issue in
this case; (2) the transfer of workers= compensation
payments is prohibited by statute; (3) an arbitration award cannot bind a
nonsignatory to the arbitration clause such as Symetra; (4) the structured
payment transfer agreement, along with its arbitration clause, was not
effective absent court approval; (5) the arbitrator exceeded his authority by
violating public policy and purporting to bind a nonsignatory to the results of
the arbitration; and (6) the arbitrator committed a gross mistake or exhibited
manifest disregard of the law by ordering specific performance of the transfer
agreement based on breach of a $1,000 promissory note.  In its seventh issue,
Symetra contends that the trial court abused its discretion in excluding
evidence of Rapid=s application for approval of the transfer
filed in Guadalupe County.  We reverse and render judgment vacating the
arbitration award.

I.  Background

In 1996, as part of a settlement in a workers= compensation
lawsuit, Paul Patterson became entitled to structured settlement payments. 
Currently, Symetra is the obligor on these payments.  In January 2005,
Patterson executed a transfer agreement with Rapid, under which Rapid agreed to
pay Patterson a lump sum, and Patterson agreed to assign to Rapid the right to
receive future periodic payments.  The agreement contained an arbitration
clause through which the parties agreed to arbitrate any disputes arising Aunder the
agreement.@  In December 2005, Patterson signed a promissory
note, which also contained an arbitration clause.  Under this note, Rapid
loaned or advanced Patterson $1,000, which Patterson agreed to repay with interest
by the Amaturity date,@ defined as AJanuary 29, 2006,
or earlier upon the approval of the Transfer Agreement.@[1]








According to Symetra, on January 26, 2006, Rapid filed an AApplication for
Approval of a Transfer of Structured Settlement Payment Rights@ in a Guadalupe
County court at law, seeking court approval of the assignment of Patterson=s right to such
payments to Rapid.  As explained in greater detail below, section 141.004 of
the SSPA requires court preapproval of any transfer of structured settlement
payments before such transfer can be effective.  Tex. Civ. Prac. & Rem.
Code ' 141.004.  Symetra
asserts that it objected to the transfer in the Guadalupe County court and, to
date, the court has not approved the transfer.  Rapid acknowledges that it has
never received court approval of the transfer from Patterson.

In June 2006, Rapid filed an arbitration demand, asserting
that Patterson had breached both the transfer agreement and the promissory
note.  Specifically, Rapid alleged that Patterson breached the transfer
agreement by attempting to sell the right to receive future payments to a third
party and defaulted on the promissory note by failing to timely repay the
advanced funds.  Rapid and Patterson then settled upon an agreed arbitration
award, which was subsequently signed by the arbitrator, Jeffrey Newport, whom
Rapid has used in other similar arbitrations.  The agreed award recites that
the Atransfer agreement
. . . is a valid, binding, and enforceable agreement@ and that
Patterson breached the agreement.  It further states that Patterson had not Aotherwise sold,
Garnished [sic], encumbered, or pledged the Garnished Payments.@  It represents
that Symetra was notified of the arbitration proceedings but Achose not to
appear@ and that Symetra
would Abear no relevant
or material burden whatsoever by changing the address on its computer records
and paying the monies as ordered herein to Rapid=s assignee rather
than to Patterson.@  Finally, under the terms of the agreed
award, Rapid became obligated to make a $40,000 lump sum payment to Patterson
and then, if Patterson did not pay it back plus $28,750 as damages by August
31, 2006, Rapid would be entitled to garnishment of the structured payments
from Symetra to Patterson.  In anticipation of Patterson=s failure to pay
and the resulting garnishment, the award orders Symetra to make future
structured payments (AGarnished Payments@ according to the
award) to Rapid=s assignee, RSL-5B-IL, Ltd., rather than
Patterson, unless it (Symetra) was to receive a contrary order from the
arbitrator.








On August 11, 2006, Rapid filed an original petition in
Harris County Civil Court at Law # 1, seeking confirmation of the arbitration
award.  On the same day, the trial court signed a judgment confirming the award
and ordering Symetra to make future structured payments to Rapid=s assignee. 
Symetra then intervened in the trial court, filing a AMotion for New
Trial and/or to Set Aside or Vacate.@  The court
initially set aside the earlier judgment confirming the arbitration award as it
pertained to Symetra but not as it pertained to the assignment from Patterson
to Rapid.  Subsequently, after a hearing on Rapid=s motion to
confirm the arbitration award, the court signed a final judgment on June 27,
2007, confirming the award Ain its entirety.@  Also in the
judgment, the court ordered Symetra to issue a Aformal
acknowledgment letter of the transfer@ and make future
structured settlement payments to Rapid=s assignee. 
Symetra now appeals from the confirmation of the award.

II.  Discussion

A.  Symetra=s Arguments








We begin by examining Symetra=s first and fifth
issues in which it contends that the trial court erred in confirming the
arbitration award because (1) Rapid failed to obtain the requisite court
approval under the SSPA for the transfer of the structured settlement payments
from Patterson, and (2) the arbitrator violated public policy by awarding a
transfer of structured settlement payments without court preapproval.  We
consider a trial court=s confirmation of an arbitration award
under a de novo standard of review.  Providian Bancorp Servs. v. Thomas,
255 S.W.3d 411, 414 (Tex. App.CEl Paso 2008, no pet.).  While the review
of an arbitration award is normally exceedingly narrow, courts should not
confirm an award if that award is contrary to public policy.  See Apache
Bohai Corp., LDC v. Texaco China BV, 480 F.3d 397, 401 (5th Cir. 2007); Myer
v. Americo Life, Inc., 232 S.W.3d 401, 408 (Tex. App.CDallas 2007, no
pet.); see also CVN Group, Inc. v. Delgado, 95 S.W.3d 234, 239-40 (Tex.
2002) (explaining that for a Apublic policy@ concern to
support setting aside an arbitration award it must be Awell defined and
dominant@ and not cobbled A>from general
considerations of supposed public interests,=@ quoting W.R.
Grace & Co. v. Local Union 759, 461 U.S. 757, 766 (1983)).[2]

The SSPA provides in relevant part as follows:

No direct or indirect transfer of structured settlement payment rights
shall be effective and no structured settlement obligor or annuity issuer shall
be required to make any payment directly or indirectly to any transferee of
structured settlement payment rights unless the transfer has been approved in
advance in a final court order based on express findings by the court that: 

 

(1) the transfer is in the best
interest of the payee, taking into account the welfare and support of the payee=s dependents . . .
.

Tex.
Civ. Prac. & Rem. Code ' 141.004.  In short, the SSPA requires
that any transfer of structured settlement payments be preapproved by a court. 
Id.  Rapid acknowledges that no court has approved the transfer of
Patterson=s structured settlement payments to Rapid. 
Consequently, Symetra argues that we should reverse the trial court=s confirmation of
the arbitration award and order the award vacated because the arbitrator
violated the public policy set forth in the SSPA.  As explained more fully
below, we agree.








As Symetra points out, this court and numerous other courts
in Texas and other jurisdictions have held that Rapid=s use of
arbitration to obtain rights to structured settlement payments violates the
SSPA, or other states= highly similar protection acts; in other
words, these courts have held that Rapid cannot accomplish through arbitration
that which the protection acts prevent it from otherwise doing: effectuating
the transfer of structured settlement payment rights from the original payee
without court approval.[3] 
See, e.g., Symetra
Life Ins. Co. v. Rapid Settlements, Ltd., No. H-05-3167, 2008 WL 901584, at *21, 24 (S.D. Tex. March
31, 2008); Allstate Settlement Corp. v. Rapid Settlements, Ltd., No. 06-4989,
2007 WL 1377667, at *6 (E.D. Pa. May 8, 2007); Rapid Settlements, Ltd. v. Symetra
Life Ins. Co., 234
S.W.3d 788, 800 (Tex. App.CTyler 2007, no pet.); In re Rapid Settlements, No.
14-06-00698-CV, 2007 WL 925698, at *3 (Tex. App.CHouston [14th
Dist.] March 29, 2007, orig. proceeding) (mem. op.).[4] 
Moreover, the Southern District of Texas has issued a permanent injunction
barring Rapid from engaging in these arbitration practices in the future.  Symetra Life, 2008 WL 901584, at *25.  Rapid offers no
reasoning compelling us to contradict this growing mass of authority.

B.  Rapid=s Arguments

In response to Symetra=s arguments and in
support of confirmation of the arbitration award, Rapid contends that:  (1) the
arbitration award did not effectuate a Atransfer@ as that term is
defined by the SSPA, (2) the Federal Arbitration Act (FAA) preempts the SSPA
under these circumstances, and (3) because Symetra is a mere stakeholder in
privity with Patterson, it is bound by the arbitration award yet does not have
standing to contest it.  We will discuss each of these arguments in turn.








1.  ATransfer@

Rapid first argues that the garnishment of Patterson=s structured
settlement payments pursuant to the arbitration award was not a Atransfer@ as defined by the
SSPA.  Instead, Rapid contends, because the garnishment was merely a damages
remedy in a breach of contract action, court preapproval was not required
pursuant to section 141.004 of the SSPA.  The SSPA defines Atransfer@ as Aany sale,
assignment, pledge, hypothecation, or other alienation or encumbrance of
structured settlement payment rights made by a payee for consideration.@  Tex. Civ. Prac.
& Rem. Code ' 141.002(18).  Rapid stresses that the Amade by a payee@ language
indicates that the SSPA governs only voluntary transfers, whereas the
arbitrator=s award in the present case was an involuntary
transfer instituted by the arbitrator as a remedy for Patterson=s breach of the
transfer agreement and the promissory note.








Rapid=s argument, however, ignores the facts of
this case.  In the transfer agreement, Patterson agreed to transfer his rights
to structured settlement payments in return for consideration, i.e., a present
lump sum payment.  In the AAgreed Award,@ Patterson agreed
to garnishment of his structured settlement payments in exchange for a lump sum
payment and the relinquishment of Rapid=s breach of
contract claims against him.  See generally Harris v. Balderas, 27
S.W.3d 71, 80 (Tex. App.CSan Antonio 2000, pet. denied) (holding
consideration is fundamental element of settlement agreement).  In other words,
in settling the breach of contract action, Patterson essentially agreed to
consummate the original transfer agreement.  The fact that the transfer was
allegedly to settle a breach of contract action does not mean that a transfer
did not occur under the terms of the SSPA.  See Symetra Life, 2008 WL 901584, at *16-17; Allstate Life Ins.
Co. v. Rapid Settlements, Ltd., No. Civ.A.3:06CV00629DPJ, 2007 WL
2745806, at *3-4 & n.2 (S.D. Miss. Sept. 20, 2007); see also Tex.
Civ. Prac. & Rem. Code ' 141.002 (prohibiting both direct and
indirect transfers absent court approval); Symetra Life, 2008 WL 901584, at *17 (distinguishing various involuntary
kinds of transfers from arbitration awards and concluding that an arbitration
award is a transfer under the SSPA); Rapid Settlements, 234 S.W.3d at
800-01 (holding
that a garnishment of structured settlement payments constituted an SSPA
transfer because it was based on a security interest created in the structured
payments).[5] 
Accordingly, we reject Rapid=s argument that the arbitration
proceedings did not effectuate a transfer as that term is defined in the SSPA.

2.  Federal Preemption

Rapid next contends that the arbitration proceedings are
exempt from application of the SSPA because the FAA preempts the SSPA under the
circumstances presented in this case.  Rapid maintains that the federal policy
favoring arbitration of disputes means that any state statute restricting
arbitration is preempted, citing Circuit City Stores, Inc. v. Adams, 532
U.S. 105, 122 (2001), et. al.  According to Rapid, applying the SSPA to
invalidate the arbitrator=s award in this case would improperly
restrict the parties= right to arbitrate under the FAA, thus
running afoul of federal preemption doctrines.[6]








The Supremacy Clause of the United States Constitution
provides that the laws of the United States are Athe supreme Law of
the Land; . . . any Thing in the Constitution or Laws of any State to the
Contrary notwithstanding.@  U.S. Const. art. VI, cl. 2. 
Consequently, when a state law conflicts with federal law, the state law is
preempted and has no effect.  BIC Pen Corp. v. Carter, 251 S.W.3d 500,
504 (Tex. 2008).  State law may be in conflict with federal law, and thus
preempted, in three ways: (1) federal law can expressly preempt state law on a
particular subject; (2) federal law impliedly preempts state law when a federal
statute=s scope indicates
that Congress intended federal law to exclusively occupy a particular field of
law; and (3) state law is also impliedly preempted if such law actually
conflicts with federal law.  Id.  This last type of preemption takes
effect when (1) it would be impossible for a private party to comply with both
the state and federal laws;  or (2) state law obstructs the full purposes and
objectives set forth by the United States Congress.  Id.

As several courts have already held in cases involving
Rapid, application of the SSPA under these circumstances does not conflict with
the FAA because the SSPA does not prevent parties to a structured settlement
transfer agreement from selecting and participating in arbitration as the means
for resolving disputes under their agreement.  See, e.g., Allstate
Settlement, 2007 WL 1377667, at *5 n.4; Allstate Life Ins., 2007 WL
2745806, at *5; Rapid
Settlements, 234
S.W.3d at 800.  The federal policy favoring arbitration as a procedure for resolving
disputes does not mean that parties can accomplish through arbitration that
which the substantive law of a state prohibits.  See Symetra Life, 2008 WL 901584, at *13-14; Rapid Settlements, 234 S.W.3d at 800.  The state
substantive law at issue here, the SSPA, does not prevent the parties from
agreeing to arbitrate or proceeding to arbitration; it only limits what can be
accomplished through arbitration; consequently, the FAA does not preempt the
SSPA under these circumstances.  Accordingly, we reject Rapid=s preemption argument.

3.  Symetra=s Standing








Lastly, Rapid argues that as a mere stakeholder, Symetra
has no standing to contest the arbitration award.[7] 
Rapid also asserts that because Symetra=s duties in regard
to the structured payments were purely ministerial in nature, Symetra has no
justiciable interest at stake.  At the same time, Rapid insists that Symetra is
bound by the award because of its privity with Patterson.[8] 
A party has standing when it is personally aggrieved, i.e., when it has
a justiciable interest in the controversy.  Nootsie, Ltd. v. Williamson
County Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996).








As a stakeholder in regards to the structured settlement
proceeds, Symetra has justiciable interests in the arbitration confirmation,
and those interests are distinct from, rather than identical to, those of
Patterson.  These distinct interests stem from two sources.  First, the SSPA
provides that no structured settlement obligor or annuity issuer, such as
Symetra, can be required (as the arbitrator and district court have attempted
to do here) to make any payment to any transferee absent court approval of the
transfer.  See Tex. Civ. Prac. & Rem. Code ' 141.004.  This
provision gives Symetra an interest sufficient to contest any attempt to force
it to make payments, in the absence of court approval, to anyone other than the
original payee.  See Allstate Settlement Corp. v. Rapid Settlements,
Ltd., No. 07-3224, 2009 WL 514080, at *5-6 (3d Cir. March 3, 2009); see also In re Rapid
Settlements, 202 S.W.3d 456, 462 (Tex. App.CBeaumont 2006,
orig. proceeding) (holding annuity issuers had standing to seek stay of
arbitration proceedings because the SSPA, section 142.006(b), provides them the
right to participate in the hearing on the application for court approval). 
Second, if Symetra were to make payments to the wrong payee, it could become
subject to double liability.  This potential liability gives Symetra a
justiciable interest in any attempt to transfer the right to receive structured
payments absent court approval.  See Allstate Life Ins., 2007 WL 2745806, at *4; Symetra Life Ins. Co. v. Rapid
Settlements, Ltd.,
No. H-05-3167, 2007 WL 114497, at *29 (S.D. Tex. Jan. 10, 2007).[9] 
Because Symetra has distinct interests at stake in any proceeding attempting to
transfer structured payments absent court approval, it has standing in the
present case to contest the arbitration award.  Consequently, we reject
Rapid=s challenge to Symetra=s standing.

III.  Conclusion

 Based on the foregoing analysis and authority, we hold
that the arbitration award violates the public policy of the State of Texas as
set forth in the SSPA by effectuating a transfer of Patterson=s structured
payments to Rapid.  Consequently, the trial court erred in confirming the
arbitration award and in ordering Symetra to make the structured payments to
Rapid instead of Patterson.  Accordingly, we sustain Symetra=s first and fifth
issues.  Because we sustain these issues, we need not consider Symetra=s remaining
issues.

We reverse the trial court=s judgment and
render judgment vacating the arbitration award.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

 

 









[1]  In its brief, Rapid asserts the amount advanced to
Patterson was $1,000.  The promissory note obligated Patterson to pay Rapid the
Aprincipal amount@ of
$1,500 plus interest.  Neither the arbitration award nor the trial court=s judgment specify an amount for this transaction.





[2] Rapid maintains that the Federal Arbitration Act
governed the arbitration; Symetra cites both to cases decided under the FAA and
to cases decided under the Texas Arbitration Act.  The outcome of this case is
not determined by whether the arbitration occurred under the FAA or the TAA;
accordingly, we decline to decide under which act arbitration occurred.  See
generally Apache Bohai Corp., 480 F.3d at 401 (holding courts should vacate
arbitration awards under the FAA if contrary to public policy); CVN Group,
Inc., 95 S.W.3d at 239-40 (discussing application of public policy to
arbitrations under the TAA).





[3]  While Rapid spends considerable energy attempting to
factually distinguish several of the other cases in which it has been involved,
the legal reasoning of the other opinions is applicable irrespective of factual
or procedural differences.  Accordingly, we will not dwell on the facts of each
of these other cases.





[4]  Courts have indeed called Rapid=s arbitration process Aa transparent . . . arbitration scheme,@ a Atransparent . . . stratagem,@ Aillegal
practices,@ and Aa violation of
the substantive law.@  See Allstate Settlement Corp. v. Rapid
Settlements, Ltd., No. 07-3224, 2009 WL 514080, at *7 (3d Cir. March 3,
2009) (Aa transparent . . . arbitration
scheme@); Symetra Life,
2008 WL 901584, at *25 (Aillegal practices@); Rapid
Settlements, 234 S.W.3d at 800-01 (Atransparent . . . stratagem@ and Aa violation of the substantive law@ ).  Some of Rapid=s arguments have even been held to be frivolous and
worthy of Federal Rule 11 sanctions.  See Fid. & Guar. Life Ins. Co. v.
Harrod, No. Civ.CCB-5-2732, 2007 WL 2847966, at *6 (D. Md. Sept. 27, 2007)
(imposing Rule 11 sanctions against Rapid).





[5]  That Patterson was without authority to agree to
transfer his rights to the structured settlement payments, even in settlement
of a legal claim against him, is made abundantly clear by section 141.001 of the SSPA, which
expresses that the State of Texas has an interest in making sure that any
transfer of such payments is in the best interest not only of the recipient but
also of his or her dependents.  Tex. Civ. Prac. & Rem. Code ' 141.004.  To this end, court approval of such transfers is
mandated.  Id.





[6]  Rapid also offhandedly suggests that it is Aof no moment@
that the transfer in this case was approved by an arbitrator rather than by a
Texas court, suggesting that the respective approval be accorded equal status. 
This contention is clearly contrary to the express provisions of the SSPA,
which require court approval.  Tex. Civ. Prac. & Rem. Code ' 141.002 (defining court so as not to include
arbitrators); id. ' 141.004 (requiring court approval of transfers). 
Furthermore, the arbitration award does not reflect that the arbitrator
approved the transfer as being in the best interest of Patterson or his
dependents, if any.





[7]  Rapid may challenge Symetra=s standing on appeal even though it did not file a
notice of appeal because standing affects the jurisdiction of not only the
trial court to entertain Symetra=s
complaints about the arbitration award but also of this court.  See Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-45 (Tex. 1993).  If Symetra were
without standing, i.e., unharmed and without an interest to protect from
imminent harm, any opinion addressing its complaints would be merely advisory. 
See id. at 444.





[8]  Rapid specifically cites to res judicata law in arguing that Symetra is
a successor-in-interest to Patterson and thus in privity with him.  See Getty Oil Co. v. Ins. Co. of N. Am., 845
S.W.2d 794, 800 (Tex. 1992).  Rapid however goes no further with the argument;
it does not explain how a mere stakeholder of structured settlement funds could
have the same interest in the property as the intended recipient, and it does
not explain how Symetra could be a successor-in-interest to a party that
receives the property from Symetra.  We express no opinion on the merits of
arguments not raised.





[9]  In a post-submission letter brief, Rapid contends
that the risk of double liability is illusory because if the arbitrator=s award was confirmed by a court, it would be binding
on Symetra, and no party would be able sue it for the payments, citing 9 U.S.C.
' 13(c).  This argument, however, begs the question of
whether in the absence of court approval, an arbitration award can validly
transfer Patterson=s rights to his structured settlement payments.  Rapid
offers no explanation for how an invalid award could defeat challenges to the
unapproved transfer, such as by a transferee who obtained court approval for
its transfer.